Filed 9/15/14  P. v. Rangel CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060527 |
| v. | (Super.Ct.No. RIF138985) |
| ARMAND DORAME RANGEL, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On October 27, 2008, an information charged defendant and appellant Armand Dorame Rangel with thirteen counts: (1) making criminal threats under Penal Code[1] section 422 (count 1); attempted first-degree burglary under sections 664 and 459 (count 2); (3) assault with a firearm under section 245, subdivision (a)(2) (count 3); (4) possession of a firearm by a felon under section 12021, subdivision (a)(1) (counts 4, 8-12); (5) possession of marijuana for sale under Health and Safety Code section 11359 (count 5); (6) possession for sale of methamphetamine under Health and Safety Code section 11378 (count 6); (7) possession of methamphetamine while armed with a loaded, operable firearm under Health and Safety Code section 11370.1 (count 7); and (8) possession of an assault weapon under section 12280, subdivision (b) (count 13). As to counts 2 and 3, the information also alleged that defendant personally used a firearm within the meaning of section 12022.5. The information further alleged that defendant suffered a prior conviction in 2001 that qualified as both (1) a serious felony conviction under section 667, subdivision (a); (2) and a strike under sections 667, subdivisions (c) & (e)(1), and 1170.12, subdivision (c)(1).

On August 29, 2013, defendant entered into a negotiated plea agreement wherein he would receive a 14-year sentence at fifty percent if he returned for sentencing on

---

[1] All statutory references are to the Penal Code unless otherwise specified.

September 20, 2013, and a 24-year sentence at eighty percent if he did not.[2] The court

agreed to dismiss the strike allegation if defendant returned for sentencing on September

20, 2013.  In exchange, defendant pled guilty to counts 4 through 13, and admitted the

strike prior allegation.  The serious felony prior allegation was dismissed on the

prosecution's motion.

On September 20, 2013, defendant failed to appear for the sentencing hearing.  At

a continued hearing five days later, on September 25, 2013, the trial court learned that

defendant had a seizure and was hospitalized on September 20th.  To accommodate

defendant's medical treatment, the court continued the hearing until October 16, 2013.

The court, in ordering defendant to appear on October 16th, stated:  "Unless there is good

cause for your nonappearance, if you do not appear, you will be sentenced to the

maximum possible in this matter.  If you do appear, the Court will go forward with the

sentencing as we have set forth in the plea agreement between yourself and the People . . .

. Okay?"  Defendant responded, "Thank you very much."

On October 16, 2013, defense counsel and the court received a message that

defendant was again in the hospital with his ongoing medical problem.  The court

continued the hearing to October 22, 2013.

---

**2**      From the negotiated disposition addendum and summary, it appears that, at the time defendant settled RIF138985, he also negotiated a settlement in case Nos. RIF141441 and RIF1302301.  In his notice of appeal, however, defendant only appeals the disposition in case No. RIF138985.  As part of the plea agreement, defendant pled guilty to violating Health and Safety Code section 11378 in case No. RIF141441; and a violation of Health and Safety Code section 11377, subdivision (a) in case No. RIF302301.

On October 22, 2013, defendant failed to appear. The court was informed that defendant had failed to show for scheduled medical tests on September 27, 2013, and that he did not go to his scheduled appointment with Dr. Yost on October 14, 2013. Dr. Yost wanted to admit defendant to the hospital but defendant refused because his father was dying. Defendant's father died on October 18, 2013.

On December 3, 2013, the court noted defendant's failure to appear at his continued sentencing hearings on October 16, 2013, and October 22, 2013. The court indicated that it would have imposed the 24-year sentence pursuant to the negotiated plea agreement. However, because defendant's father passed away on October 18, 2013, the court sentenced defendant to an aggregate term of 18 years, as follows: three years doubled to six for count 7; one-third the mid-term doubled or 16 months for counts 4 through 6, 8 through 10, and 13; 16 months each on cases RIF141441 and RIF1302301. The court imposed concurrent four-year sentences for counts 11 and 12, and dismissed counts 1 through 3. The court awarded defendant 60 actual days of credit plus 60 days of credit for good time/work time, for a total presentence credit of 120 days. The court imposed a $280 restitution fine; $280 parole revocation fine; $480 in court security fees; and $360 in conviction assessments.

On January 31, 2014, defendant filed a timely notice of appeal. He requested a certificate of probable cause, which the court granted.

4

# II

## ANALYSIS[3]

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On August 28, 2014, defendant filed a three-page handwritten brief. In his brief, defendant essentially argues that the trial court abused its discretion in sentencing him to 18 years in prison, instead of the agreed-upon 14 years *if* he showed up for the sentencing hearing. We have reviewed the record and find defendant's argument to be without merit.

Defendant appears to be arguing that the trial court abused its discretion in sentencing him to 18 years instead of 14 years under the terms of the plea agreement. In essence, defendant argues that his sentencing hearing should have been continued again because he "had a strict schedule given by [the] mortuary on the verry [sic] same day of court otherwise we would need to wait an additional 2 weeks to lay my father in his grave. . ." Although we sympathize with defendant regarding his circumstances, we

---

[3] Defendant appeals from his sentence of 18 years. The statement of facts, therefore, is not necessary to the adjudication of this appeal.

5

discern no abuse of discretion. Instead, we find that the trial court generously accommodated defendant in continuing the sentencing hearing numerous times.

As discussed in detail above, the original sentencing hearing was scheduled for September 20, 2013. When the court was informed that defendant was in the hospital, the court continued the hearing until October 16, 2013. Again, when the court learned that defendant was in the hospital, the court continued the hearing until October 22, 2013. Defendant was a no show for the October 22, 2013 hearing. At this hearing, the court learned defendant's father passed away four days prior to the hearing, on October 18, 2013. Moreover, the court learned from defendant's treating physician, Dr. Yost, that defendant had been noncompliant with his treatments. The court noted, "… we are now here on the 22nd, and [defendant] is not here or present with seemingly no reason not to be, even after the tragic death of his father. Certainly the Court understands the - - the tragedy of that, but that does not excuse his absence from this Court, nor do these notes excuse his absence from this Court." The court later stated, "… I will note that for today's appearance, it appears to be a willful noncompliance with the Court's order to appear for the sentencing with the understanding that if he failed to appear, that the sentence might be greater than what was originally bargained for - - or as part of the bargain, I should say; that the Court could sentence him to a greater sentence."

Thereafter, on December 3, 2013, defendant finally appeared at the sentencing hearing. The court started off by stating that it had a chance to talk to the prosecutor and defense counsel regarding this case. The court made the following statement to defendant:

6

"This is the time and place that has been set for the sentencing on this matter, this matter having been set for the sentencing numerous times before now. The Court has exercised what I consider to be an incredible amount of patience as we've gone through this process; and I believe, to a large extent, that you have tried the patience of the Court for some time, and I have been slow in otherwise going forward with the sentencing, and I probably should have long before now."

The court went over the numerous continuances. The court reminded defendant that on September 25, 2013, when it "reset the sentencing once again," "[t]he Court, at that time, informed you that I was setting the sentencing for October the 16th at 8:30 in the morning in this department. I specifically advised you, and I had placed in the minutes as well as on the record, that if you should fail to appear, that the Court would impose the maximum time on this case." The court again noted, "So I made it very clear on September 25th, when you were present, that you must appear; and that if you did not, the Court would impose the maximum, which would have been the 24 years at 80 percent time."

Notwithstanding, when defendant failed to appear on October 16, 2013, the court rescheduled the hearing once more until October 22nd because defendant was allegedly in the hospital. Defendant, however, failed to appear on October 22nd because his father had passed away four days prior on October 18th. The court noted, "certainly the Court is sympathetic to you and to your family regarding that loss."

The court, however, noted that defendant had a duty to comply with his order to appear in court:

7

"But it's during this time period that you had a responsibility not only to your family, but also to yourself in terms of the - - the Court's orders that were in place; because what happens at that point is on the 22nd of October, at that point, you were not present."

The court acknowledged that it had reviewed the letters regarding defendant's father's death and arrangements that needed to be made for his burial. The court explained that after defendant's father's passing, defendant had "[f]rom the 22nd [of October] through the 31st" to contact the court but defendant failed to do so. The trial court reviewed the circumstances surrounding defendant in great detail indicating that it had given defendant's case thorough review.

Thereafter, the court stated:

"It is this Court's belief that based upon all of that information, that you thwarted this Court's authority and this Court's jurisdiction and power in an effort not to be brought before this Court during the time period after your father's funeral [on October 31st]. It is that behavior before, during, and after that, in my mind, [that] justifies the imposition of the entire sentence that you were warned about, which is the 24 years at 80 percent."

Nevertheless, the trial court found that, although defendant's father's passing did not justify defendant's absence from the hearing, "it should be used and imposed by this Court with respect to some degree of compassion and mitigation for the ultimate sentence that I'm going to impose." The court, therefore, did not impose the total of 24 years, "although I do believe that this Court has the authority and should based upon the

8

agreement and contractual agreement that you entered with the District Attorney's Office and that you had notice of with respect to this Court."

Thereafter, the court imposed "18 years rather than the 14 originally and rather than the 24 that the Court could impose otherwise."

Defendant spoke at length to the trial court – making arguments similar to those made in his personal brief. The trial court patiently listened to defendant's arguments. The court then informed defendant that he had failed to address the single issue before the court – his failure to appear in the court on the dates he was ordered to appear.

Based on our review of the record, we find that the court went out of its way to accommodate defendant because of his personal issues. The court was thorough and thoughtful in its analysis and ultimate imposition of defendant's sentence. In fact, the court only sentenced defendant to 18 years when it had the authority to sentence him to 24 years pursuant to the term of the plea agreement because of the aforementioned mitigating circumstances. We find defendant's argument to be wholly without merit.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*People v. Kelly* (2006) 40 Cal.4th 106.)

### III

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.